UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JULIET COLLINS,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 6:25-cv-1941-RMN |

# MEMORANDUM DECISION AND ORDER[1]

Plaintiff, Juliet Collins, seeks review of the Commissioner of Social Security's final decision denying her claim for benefits. Dkt. 1; R. 14–28. After carefully examining the record and considering the parties' arguments, and because the Commissioner's decision is supported by substantial evidence, the decision is **AFFIRMED**.

## I. BACKGROUND

### A. Agency Proceedings

Collins filed an application for Supplemental Security Income under Title XVI of the Social Security Act on April 27, 2023, alleging a disability

[1] With the parties' consent, this matter was referred to me to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 1.

beginning on December 1, 2019. R. 203. The agency denied her claim initially and upon reconsideration. R. 80–81, 94–95. Collins then requested a hearing before an Administrative Law Judge ("ALJ"), which was held via remote telephone conference on April 21, 2025. R. 34–61. On May 12, 2025, the ALJ issued a written decision denying the application. R. 14–28. Collins sought review of that decision by the agency, but her request was denied. R. 1–3. Thus, the ALJ's decision is the Commissioner's final opinion. R. 1.

**B. The ALJ's Decision**

The ALJ evaluated Collins' application using the five-step sequential evaluation process established by the Social Security Administration to determine whether an individual is disabled. R. 18-28. At step one, the ALJ determined that Collins had not engaged in substantial gainful activity since February 13, 2023, the date of her application. R. 19. At step two, the ALJ determined that Collins had two severe medical impairments: major depressive disorder; and residual schizophrenia. R. 20. At step three, the ALJ determined that Collins did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Part 404, Subpart P, Appendix 1 of Title 20 of the Code of Federal Regulations. R. 20.

After reviewing the entire record, the ALJ determined at step four that Collins has the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: "The claimant would be able to understand, recall and carry out simple

instructions. The claimant is further able to occasionally interact with the public, coworkers and supervisors. The claimant could adapt to jobs where there are no hourly quotas." R. 22. At step five, the ALJ concluded that there were existing jobs in significant numbers in the national economy that Collins could perform. R. 27. Thus, the ALJ found that Collins was not disabled during the relevant period for which she seeks benefits. R. 28.

## II. STANDARD OF REVIEW

A court's only task in reviewing a denial of disability benefits is to determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

## III. ANALYSIS

Collins raises two issues for review: (1) whether the ALJ properly resolved inconsistencies between the prior administrative medical findings and the residual functional capacity ("RFC") assessment, and (2) whether the ALJ adequately considered the episodic nature of Collins' mental symptoms.

### A. Inconsistencies Between Medical Findings and RFC

On appeal, Collins argues that the ALJ erred as a matter of law when she failed to resolve inconsistencies between the work limitations stated in the RFC assessment and the opinions of the state agency's psychological consultants—Robert Hodes, Ph.D., and Nicole Mannis, PSy.D.—despite

finding the state agency opinions persuasive. *See* Dkt. 12 at 945–46. Specifically, Collins argues that the ALJ supported the RFC by finding Drs. Hodes and Mannis's opinions persuasive, and in so doing did not provide any rationale for rejecting any portion of their opinions. *Id.* at 946. Collins further argues that the ALJ omitted important work limitations that the state agency consultants included their opinions. *Id.* at 946–47.

In response, the Commissioner argues that there are no unresolved conflicts between the RFC and the prior administrative medical findings. Dkt. 13 at 962. The Commissioner argues that there is no requirement an ALJ adopt every limitation contained within an opinion they find persuasive. *Id.* at 962–63. The Commissioner argues further that the ALJ adequately explained why finding limitations differing from those assessed by Drs. Hodes and Mannis were appropriate. *Id.* at 963.

The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In determining a claimant's RFC, the ALJ considers medical opinions together with other relevant evidence. 20 C.F.R. § 416.945(a)(3). Although the ALJ's decision must sufficiently explain the weight given to probative evidence, it need not discuss every piece of evidence. *Lewen v. Comm'r of Soc. Sec.*, 605 F. App'x 967, 968 (11th Cir. 2015). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [their] decision, so long as the

decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." *Id.* (inner quotations omitted).

The ALJ must determine the persuasiveness of the medical opinions and explain their findings in the decision. 20 C.F.R. § 416.920c. When evaluating the persuasiveness of a medical opinion, the ALJ may consider these factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. § 416.920c(c). The ALJ must address the two most important factors, which are supportability and consistency, but need not address the other three factors. 20 C.F.R. § 416.920c(b)(2). The supportability factor asks whether the medical opinion is supported by relevant objective medical evidence and explanations. 20 C.F.R. § 416.920c(c)(1). The consistency factor asks whether the medical opinion is consistent with evidence from other medical sources and non-medical sources in a claim. *Id.* § 416.920c(c)(2).

Here, the ALJ provided the following explanation as to her consideration of the findings by Drs. Hodes and Mannis:

> The findings from Dr. Hodes and Dr. Mannis are supported by the psychiatric inspections conducted by the treating sources at Orange Blossom Family Health. The psychiatric inspections from Orange Blossom Family Health noted mood varied often, which ranged from anxious, depressed to normal. However, it was repeatedly noted affect remained normal, and behavior was cooperative with normal thought content. Further, it was frequently observed attention, perception, cognition and

> memory were normal (Exhibits 12F, 19F-20F). The State physicians' findings are also consistent with the observations from the formal mental health treating sources at Orange Blossom Family Health. It was regularly observed mood was appropriate with a euthymic affect. It was also often observed the claimant was cooperative, conversant and had good eye contact with normal speech. Further, thought content was repeatedly without loose associations or perceptual abnormalities. The claimant was frequently alert and fully oriented with a goal directed thought process and memory, attention and fund of knowledge were intact (Exhibits 12F, 19F). The December 27, 2023 emergency room visit at HCA Florida on indicated the claimant was fully oriented in all four spheres (Exhibit 11F). However, the claimant's symptoms of hearing voices, which are a persistent complaint, demonstrates greater restrictions are appropriate, including no productivity standards and moderate factors in the B criteria, considering the often noted depressive and anxious mood, Further, the fact the voices had allegedly caused the claimant had to stop working, should be given more consideration. Despite this, the PAMF provided by the State physicians are still persuasive.

R. 26.

The Court is unpersuaded that this persuasiveness evaluation is flawed. An ALJ is only required to "state with at least some measure of clarity the grounds for [her] decision." *Winschel*, 631 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). "[T]here are no magic

words to state with particularity the weight given to medical opinions or the reasons for discounting them." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 n.14 (11th Cir. 2024).

The ALJ addressed both the supportability and consistency factors, though she did not specifically declare the analysis focused on those factors. Instead, the ALJ surveyed certain relevant evidence from the record that supported a finding that the opinions of Drs. Hodes and Mannis were consistent with the medical evidence. The ALJ also identified aspects of the opinions that were inconsistent with such evidence and where the opinions were deficient, such as the need to give more consideration to Collins' symptoms.

Likewise, Collins' second argument is unpersuasive. As the Commissioner notes, an ALJ is not required to adopt every part of an opinion which they find persuasive. *Guth v. Comm'r of Soc. Sec.*, No. 2:21-cv-106, 2022 WL 8211404 (M.D. Fla. Aug. 5, 2022) at *9, *report and recommendation adopted*, 2022 WL 4115784 (M.D. Fla. Sept. 9, 2022). The ALJ articulated the reasons why she drew different conclusions as to Collins' limitations than Drs. Hodes and Mannis. That is all that is required.

**B. Episodic Nature of Symptoms**

The second issue Collins raises is the ALJ's alleged failure to consider the episodic nature of her mental symptoms. Collins argues that the RFC is not supported by substantial evidence because the ALJ only considered her functioning during periods of relative stability despite the episodic nature of

her mental impairments. *See* Dkt. 12 at 951. Specifically, Collins argues that the ALJ conceded in the RFC assessment that Collins continues to experience psychotic symptoms including auditory hallucinations, but did not include any limitations in the RFC to reflect the impact such symptoms would have on her ability to function in the workplace, rendering the RFC unsupported by substantial evidence. *Id.* at 953.

In response, the Commissioner argues that the ALJ did not fail to recognize or consider the episodic nature of Collins' symptoms, but that the record simply did not support the severity of the symptoms that Collins alleges. Dkt. 13 at 965.

An ALJ must consider the episodic nature of certain mental impairments and cannot rely solely on a claimant's "good days" to support a finding of no disability when the claimant's "bad days" are severe and frequent enough to significantly impair their ability to work. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1267–68 (11th Cir. 2019).

Here, the ALJ evaluated the record as a whole, as she was required to do. The ALJ did not solely rely on evidence of Collins' "good days" to support her RFC assessment. On the one hand, the ALJ noted evidence of Collins' negative symptoms, including that "psychiatric inspections occasionally noted mood ranged from anxious, depressed to normal," and that as of February 13, 2025, Collins "continued to be diagnosed with residual schizophrenia and major depressive disorder." R. 24. On the other hand, the ALJ cited several pieces of evidence supporting her finding that

Collins "bad days" would not be frequent or severe enough to significantly impair her ability to work, including recent medical findings from Orange Blossom Family Health that Collins' "affect remained normal, there was no evidence of suicidal ideation and behavior was cooperative with normal thought content" and that her "attention, perception, cognition and memory were normal[,]" as well as Collins' own reports that she "can perform her tasks of personal care, prepare meals, clean her room, do laundry, use public transportation, handle funds and can follow written and spoken instructions very well." R. 24-25. In sum, the ALJ did not ignore the episodic nature of Collins' symptoms but rather found that the record did not indicate Collins' "bad days" would be severe or frequent enough to render her unable to perform the type of work specified in the RFC assessment.

Because the ALJ adequately considered the episodic nature of Collins' symptoms, the only remaining issue is whether the ALJ's findings were supported by substantial evidence. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

The ALJ cited multiple medical and nonmedical sources of evidence from the record supporting her RFC assessment, including the prior administrative medical findings by Dr. Hodes and Dr. Mannis and the mental status examinations from Orange Blossom Family Health. A reasonable mind may accept these sources of evidence as adequate to support the ALJ's conclusions. That other evidence in the record may weigh against

the ALJ's RFC assessment is not for this Court to decide. So long as substantial evidence supports the decision, and the Commissioner followed proper legal standards, this Court must affirm, even if the Court would have reached a contrary result, and even if the evidence preponderates against the Commissioner's decision. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

Accordingly, it is **ORDERED**:

1. The Commissioner's final decision is **AFFIRMED**; and

2. The Clerk of Court is **DIRECTED** to enter judgment for the Commissioner and close the file.

**DONE** and **ORDERED** in Orlando, Florida, on September 21, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record